UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 1:05-CV-564-SEB-VSS |
| JOHN WILLIAM BARTLE, | ) | |
| | ) | (formerly Bankr. No. 04-23292-AJM-11) |
| Debtor. | ) | |

**ORDER AUTHORIZING ESTATE TO INCUR UNSECURED
DEBT AS AN ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. §364(b)**

Comes now, John William Bartle, Debtor in possession, by counsel, having filed his initial Motion Requesting Authority to Incur Unsecured Debt Pursuant to 11 U.S.C. §364(b) (the "First Motion") and his Renewed Motion Requesting Authority to Incur Unsecured Debt Pursuant to 11 U.S.C. §364(b) (the "Renewed Motion") and the court having considered the United States' Response to the Debtor's Renewed Motion and taking into consideration the Debtor's Response to the United States' Response, now finds that the Renewed Motion should be approved.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the debtor in possession on behalf of the bankruptcy estate is hereby authorized to incur unsecured debt from Delaware County Investors, LLC, an Indiana limited liability company up to the principal sum of $1,500,000.00 subject to terms and conditions of a Loan Agreement attached hereto, made a part hereof, and marked as Exhibit "A" (the "Debt"), such Debt to be allowable in these proceedings pursuant to 11 U.S.C. §503(b)(1) as an administrative expense;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the funds to be borrowed by the debtor in possession on behalf of the bankruptcy estate shall be paid to the United States for

application to the liabilities listed as secured on the United States' proof of claim filed on March 22, 2005, including post-petition interest; and.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, notwithstanding this Order, the United States is not precluded from subsequently arguing based upon information not included in the Renewed Motion, that the funds advanced, or the funds used to secure the loan to Delaware County Investors, LLC, were funds belonging or owed to John Bartle, or subject to the federal tax liens associated with unpaid federal tax assessments against the Debtor.

Date:   10/28/2005

_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John W. Graub II
HOSTETLER & KOWALIK, P.C.
101 West Ohio Street
Suite 2100
Indianapolis, IN 46204-4211

Kevin Dempsey
Office of the United States Trustee
101 West Ohio Street
Suite 1000
Indianapolis, IN 46204

Douglas W. Snoeyenbos
United States Department of Justice
Tax Division
P.O. Box 55
Washington, DC 20044

Jeffrey L. Hunter
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048

Thomas C. Scherer
Bingham McHale LLP
10 West Market Street
Suite 2700
Indianapolis, IN 46204

## LOAN AGREEMENT

THIS AGREEMENT, made and entered into effective this 1st day of September, 2005, by and between **JOHN W. BARTLE**, Debtor-in-Possession (the "Borrower"), and **DELAWARE COUNTY INVESTORS, LLC**, an Indiana limited liability company (the "Lender"),

WITNESSETH:

WHEREAS, the Borrower is an individual residing at 8155 Hewes Place, Indianapolis, Indiana 46250;

WHEREAS, on December 23, 2004 (the "Petition Date"), the Borrower filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in the management of his business and property as a debtor-in-possession pursuant to 11 U.S.C. §1107 and §1108 under Cause No. 1:05-CV-564-SEB-VSS, formerly bankruptcy number 04-23292-AJM-11 (the "Bankruptcy Proceeding");

WHEREAS, the primary creditor of the Borrower in the Bankruptcy Proceeding is the United States (the "Government") for assessed and unassessed taxes;

WHEREAS, on November 2, 1999, the Government obtained a consent judgment with the Borrower in the sum of $1,378,420.47 plus interest and other statutory additions pursuant to the Internal Revenue Code accruing from and after December 21, 1998 (the "Judgment") in the United States District Court for the Southern District of Indiana, Indianapolis Division, Cause No. IP99-0347-C (B/S) (the "Judgment Proceeding");

WHEREAS, the Government has filed a proof of claim in the Bankruptcy Proceeding for the Judgment, other secured claims and other unassessed priority and unsecured claims (the "Proof of Claim");

WHEREAS, on April 8, 2005, the Borrower filed a motion requesting authority for the Borrower to incur unsecured debt pursuant to 11 U.S.C. §364(b) (the "Motion");

WHEREAS, pursuant to the Motion, the Borrower wishes to incur unsecured debt pursuant 11 U.S.C. §364(b) in order to pay in full the Judgment, have the Judgment satisfied, pay in the full the civil penalties for the period of June 30, 1998, income taxes for the period of December 31, 1999, and income taxes for the period of December 31, 2000, as set forth in the Proof of Claim (the "Secured Claim Payments");

WHEREAS, the Lender is a limited liability company owned by Heritage Medical Group, Inc. ("Heritage") and Robert L. Rynard, Sr. ("Rynard") as set forth hereinbelow:

| Name | Percentage of Ownership |
|------|------------------------|
| Heritage | 76.67% |
| Rynard | 23.33% |

WHEREAS, the Borrower has no ownership or control, directly or indirectly, over the Lender;

WHEREAS, Heritage is 100% owned and controlled by Larry M. New ("New"), and the Borrower has no ownership or control, directly or indirectly, over Heritage.

WHEREAS, New and Rynard have been long-time business associates of the Borrower, and have offered to assist the Borrower in payment in full of the Judgment, satisfaction of the Judgment, and the termination of the Order Modifying Installment Payment Order and Appointing Receiver issued on April 28, 2005, in the Judgment Proceeding (the "Order");

WHEREAS, it is in the best of interest of the Borrower, New and Rynard to assist the Borrower in seeing that the Judgment is paid and satisfied and the Order terminated so the Borrower can continue in his business operations which also directly and indirectly benefit New and Rynard;

WHEREAS, Rynard has obtained a commitment (the "Commitment") from Salin Bank & Trust Company (the "Bank") to loan the Lender sufficient funds (the "Bank Loan") so the Lender can readvance the funds to the Borrower on an unsecured basis in order to pay in full the Judgment, satisfy the Judgment, terminate the Order and pay certain other uncontested obligations of the Borrower to the Government. A copy of the Commitment is attached hereto, made a part hereof and marked Exhibit "A";

WHEREAS, in order to collateralize the Bank Loan from the Bank to the Lender, Heritage and Rynard each agree to pledge cash ("Cash") equal to the amount of the Bank Loan with the Bank as set forth hereinbelow:

| Name | Amount |
|------|--------|
| Heritage | $1,150,000.00 |
| Rynard | $  350,000.00 |

WHEREAS, none of the Cash has been supplied directly or indirectly by the Borrower to Heritage or Rynard nor does the Borrower have any control, directly or indirectly, over the Cash;

WHEREAS, the Cash to be deposited with the Bank is the personal assets of Heritage or Rynard and not the personal property of the Borrower;

WHEREAS, the Cash shall be deposited with the Bank and placed in a certificate of deposit with the Bank bearing interest payable by the Bank on the certificate of deposit (currently, 3% as of October 12, 2005) (the "Interest Rate");

WHEREAS, the Lender is willing to make such credit facilities available to the Borrower, and the Borrower is willing to borrow from the Lender subject to the terms and conditions herein set forth.

NOW, THEREFORE, in consideration of the matters set forth in the recitals and covenants and provisions set forth herein, and other valuable consideration, the receipt and sufficiency of which are hereby acknowledge, the parties agree as follows:

1.    Recitals. The recitals set forth hereinabove are deemed true and correct and are made a part hereof.

2.      The Loan.

      (a)     Loan Amount.  Lender shall lend to the Borrower from time to time up to the principal sum of One Million Five Hundred Thousand & no/100 Dollars ($1,500,000.00) (the "Loan") subject to the terms and conditions of this Agreement.

      (b)     Term.  The Loan shall mature on the earlier of (i) payment in full of the Loan; or (ii) one year from the date of closing the Loan; or (iii) by further agreement of the Borrower and Lender (the "Maturity Date").

      (c)     Rate of Interest.  The Loan shall bear interest at the rate of two and one-half percent (2.5%) above the Interest Rate.

      (d)     Payments.  The Loan shall be repaid in monthly interest only payments commencing on November 25, 2005, and continuing on the 25th day of each month thereafter until the Maturity Date.

      (e)     Commitment Fee.  On the closing date, Borrower shall pay to the Lender out of the proceeds of the Loan, a commitment fee of Two Hundred Fifty & no/100 Dollars ($250.00).

      (f)     Pre-payment Penalty.  There shall be no pre-payment penalty on the Loan.

      (g)     Use of Proceeds.  Upon written request by the Borrower and subject to the terms and conditions of this Agreement, the Lender will, from time to time, advance funds on the Loan up to the maximum amount of the Loan.  The proceeds are to be utilized and made payable to the Government for the payment in full of the Judgment, the satisfaction of the Judgment, the termination of the Order, and the payment of all other uncontested amounts that the Borrower owes to the Government.

3.      Collateral.  This Loan shall be unsecured subject to approval of the Court in the Bankruptcy Proceeding.

4.      Conditions Precedent to Advancement of Loan.  The following conditions shall be conditions precedent to each advancement under the Loan by Lender pursuant to this Agreement.

      (a)     Borrower shall execute this Agreement;

      (b)     Borrower shall execute the Note in a form substantially similar to Exhibit "B" attached hereto and made a part hereof;

      (c)     Borrower shall obtain an order from the court in the Bankruptcy Proceeding authorizing the Borrower to make the Loan on a unsecured basis with the Lender being treated as an administrative creditor pursuant to 11 U.S.C. §503(b)(1);

      (d)     Borrower shall obtain a full satisfaction of the Judgment and the termination of the Order in the Judgment Proceeding;

      (e)     Borrower shall execute and deliver to Lender such other documents, instruments, information and materials as may be reasonably requested by the Lender.  This request shall continue after the closing date and until the Loan is paid in full.

All documents required to be delivered to Lender under this paragraph shall be satisfactory in form and substance to Lender and its counsel.  Any of the foregoing conditions may be waived by the Lender at the time of each advancement; however, any such waiver by Lender at the time of a particular advancement shall not be deemed or construed as a waiver of the right of Lender to require full compliance with all conditions precedent prior to the next succeeding advancement.

     5.   <u>Events of Default and Rights of Lender</u>.  If one (1) or more of the following events of default ("Events of Default") shall occur:

     (a)   Failure to make any payment when due of principal or interest required by the Note, and such failure continues for more than thirty (30) days after such due date;

     (b)   Failure to observe or perform any agreement or covenant contained herein and the continuation of such failure for a period of thirty (30) days after written notice to Borrower by Lender of such failure, or such longer period of time as is reasonable so long as Borrower has commenced to cure and is diligently pursuing such cure;

then, in any such event, at the option of Lender and without further notice or demand to Borrower, Lender shall not be required to make any further advancements under the Loan and all of the indebtedness evidenced by the Note and remaining unpaid interest shall become immediately due and payable.

     6.   <u>General</u>.  This Agreement shall be binding upon and inure to the benefit of the successors and assigns of Lender and Borrower.  No waiver by Lender of the breach of any term, condition, warranty, representation, covenant or agreement contained herein or in the agreements, instruments or documents delivered pursuant thereto shall be considered as a waiver of the same default in the future or any other default and no delay or omission by Lender in exercising any right or remedy hereunder shall impair any such right or remedy or be construed as a waiver of any default.  Except to the extent specifically provided for herein or therein, Borrower waives presentment, demand and protest and notice of presentment, maturity or release.  Any modification of or amendment to this Agreement shall be ineffective unless in writing and signed by the Borrower and duly authorized representative of the Lender.  If any provision of this Agreement or of any other document executed in connection herewith is held invalid or unenforceable, the remainder of this Agreement or such other document and the application of such provisions to other persons or circumstances will not be affected hereby and the provisions of this Agreement and such other documents will be severable in such instance.  Any notice required or permitted hereunder shall be deemed effective seven (7) business days after the date such notice was mailed, certified or registered United States mail, postage prepaid, at the addresses set forth above, or at such other address within the State of Indiana as either Borrower or Lender may from time to time specify by notice hereunder.

     7.   <u>Venue and Jurisdiction</u>.  **BORROWER AND LENDER HEREBY AGREE THAT ALL ACTIONS OR PROCEEDINGS INITIATED BY BORROWER OR LENDER AND ARISING DIRECTLY OR INDIRECTLY OUT OF THIS INSTRUMENT SHALL BE LITIGATED IN THE CIRCUIT OR SUPERIOR COURT OF MARION COUNTY, INDIANA, OR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA. BORROWER AND LENDER HEREBY EXPRESSLY SUBMIT AND CONSENT IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR PROCEEDING COMMENCED BY BORROWER OR LENDER IN ANY OF SUCH COURTS AND EACH OF THEM HEREBY WAIVE PERSONAL SERVICE OF A SUMMONS AND COMPLAINT, OR OTHER PROCESS**

OR PAPERS ISSUED THEREIN, AND AGREE THAT SERVICE OF SUCH SUMMONS AND COMPLAINT OR OTHER PROCESS OR PAPERS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO BORROWER OR LENDER AT THE ADDRESS TO WHICH NOTICES ARE TO BE SENT PURSUANT TO THIS INSTRUMENT.  BORROWER AND LENDER WAIVE ANY CLAIM THAT MARION COUNTY, INDIANA, OR THE SOUTHERN DISTRICT OF INDIANA AS TO INCONVENIENT FORUM OR IMPROPER FORUM BASED UPON LACK OF VENUE.

   8. <u>Waiver of Jury Trial</u>.  BORROWER AND LENDER (BY ACCEPTANCE OF THIS NOTE), HAVING BEEN REPRESENTED BY COUNSEL, EACH KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS (a) UNDER THIS NOTE OR ANY RELATED AGREEMENT OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION WITH THIS NOTE OR (b) ARISING FROM ANY BANKING RELATIONSHIP EXISTING IN CONNECTION WITH THIS NOTE, AND AGREES THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

   IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed on the day and in the year first above written.

"BORROWER"

_____

John W. Bartle, Debtor-in-Possession

STATE OF _____ )
                          ) SS:
COUNTY OF _____ )

     Before me, a Notary Public in and for said County and State, personally appeared John W. Bartle who acknowledged execution of the foregoing Loan Agreement and who, having been duly sworn, stated that the representations therein contained are true.

     Witness my hand and Notarial Seal this _____ day of _____, 20___.

My Commission Expires:

_____

Resident of _____ County

Signature:_____

Printed:_____

"LENDER"

DELAWARE COUNTY INVESTORS, LLC

By:  Heritage Medical Group, Inc.


By:_____

Printed Name:_____

Title:_____

STATE OF _____ )
                          ) SS:
COUNTY OF _____ )

    Before me, a Notary Public in and for said County and State,  personally appeared _____
_____, the _____ of Heritage Medical Group, Inc., a
member of Delaware County Investors, LLC, who acknowledged execution of the foregoing Loan
Agreement and who, having been duly sworn, stated that the representations therein contained are true.

    Witness my hand and Notarial Seal this _____ day of _____, 20___.


My Commission Expires:               Signature:_____
_____
Resident of _____ County   Printed:_____

"LENDER"

DELAWARE COUNTY INVESTORS, LLC


By:_____
       Robert L. Rynard, Sr.


STATE OF _____ )
                       ) SS:
COUNTY OF _____ )

     Before me, a Notary Public in and for said County and State,  personally appeared Robert L. Rynard, Sr., a member of Delaware County Investors, LLC, who acknowledged execution of the foregoing Loan Agreement and who, having been duly sworn, stated that the representations therein contained are true.

     Witness my hand and Notarial Seal this _____ day of _____, 20___.


My Commission Expires:            Signature:_____
_____

Resident of _____ County     Printed:_____


This Instrument Prepared by:
John W. Graub II
HOSTETLER & KOWALIK, P.C.
101 W. Ohio Street, Suite 2100
Indianapolis, IN 46204-4211
(317) 262-1001

AUG-09-2005 16:23 From:AMERICARE       7652926675        To:913172621012       P.2/3
Aug 09 Case 1:05-cv-00564-SEB-JMS   Document 40   Filed 10/28/05   Page 11 of 15 PageID #: 474

AUG-09-2005 TUE 09:16 AM                        FAX NO.                      P. 02



**Salin Bank**
AND TRUST COMPANY
SERVING PEOPLE THROUGHOUT INDIANA

www.salin.com
*your on-line personal banker*

August 8, 2005

Mr. Robert L. Rynard Sr.
27 Forrests Court
Indianapolis, IN 46227

Dear Bob:

Salin Bank & Trust Co. is please to provide this commitment letter to assist in the
execution of your business plan. Additionally, this commitment letter provides an
opportunity to expand our six-year relationship.

| | |
|---|---|
| Borrower: | An entity to be determined |
| Line of Credit: | $1,500,000 |
| Collateral: | Secured by the pledge of cash equal to the amount of the Line of Credit |
| Guarantors: | None |
| Purpose: | To assist in the acquisition of certain judgments or loans to secure property and income rights |
| Repayment: | Monthly accrued interest |
| Maturity: | One year from date of closing |
| Rate Options: | 2.50% above the interest rate on the cash collateral |
| Commitment Fee: | $250 loan processing fee |
| Loan Covenants: | To be determined by legal counsel |
| Servicing Requirements: | Maintenance of cash collateral securing the Line of Credit |

**Conditions Precedent:**

   1) Validation of the corporate entity and the authority of its members
   2) Appropriate legal documents required by legal counsel

*8455 Keystone Crossing Drive, Suite 100 • Indianapolis, Indiana 46240-4303 • 317-532-2265 • FAX: 317-532-2264*
*With Principal Offices located in: Columbus • Fort Wayne • Kokomo • Lafayette • Logansport • Marion*



EXHIBIT A
to Loan Agreement

Bob, I appreciate your consideration and look forward to discussing this commitment letter with you. If warranted, I am willing to discuss our satisfactory relationship with any third party.

Sincerely,

Timothy M. Schlichte
Vice President and Senior Loan Officer

ACCEPTED THIS __9__ DAY OF __Aug__, 2005

By: _____

2

# PROMISSORY NOTE

$1,500,000.00 _____, 2005

FOR VALUE RECEIVED, **JOHN W. BARTLE**, Debtor-in-Possession ("Borrower") hereby promises to pay to the order of **DELAWARE COUNTY INVESTORS, LLC**, an Indiana limited liability company ("Lender") up to the principal sum of One Million Five Hundred Thousand & no/100 Dollars ($1,500,000.00) as may be advanced from time to time at the place and in the manner hereinafter provided, together with interest thereon at the rate or rates described below, and any and all other amounts which may be due and payable hereunder from time to time, together with attorney's fees and costs of collection, all without relief from valuable and appraisement of laws:

1.     <u>Definitions</u>.  In addition to the words and phrases defined elsewhere herein, the following words and terms shall mean as follows:

"Events of Default" shall have the meaning set forth in the Loan Agreement.

"Loan" means the borrowing under the Note up to the principal sum of One Million Five Hundred Thousand & no/100 Dollars ($1,500,000.00.

"Loan Agreement" means that certain Loan Agreement executed by Lender and Borrower and dated _____, 2005.

"Loan Documents" shall mean the Loan Agreement, this Note and all other documents executed or to be executed from time to time in connection with the Loan.

"Maturity Date" shall mean one (1) year from the date of this Note.

"Rate of Interest" shall mean two and one-half percent (2.5%) above the Interest Rate as defined in the Loan Agreement.

2.     <u>Interest Rate</u>.  Interest shall accrue at the Rate of Interest on the outstanding principal balance of this Note from the date hereof through the Maturity Date.  From and after the Maturity Date or upon the occurrence and during the continuance of an events of default under the loan documents of Salin Bank & Trust Company (the "Bank"), interest shall accrue at the rate charged by the Bank to the Lender.  Interest on this Note shall be calculated on the basis of a 360-day year and the actual number of days elapsed in any portion of a month in which interest is due.

3.     <u>Payment Terms</u>.  Payments under this Note, if not sooner declared to be due in accordance with the provisions hereof, shall be made as follows:

(a)     Commencing November 25, 2005, and continuing on the 25th day of each month thereafter until the Maturity Date, interest only shall be due and payable; and



(b)      On the Maturity Date, all accrued and unpaid principal and interest shall be due and payable.

4.      <u>Pre-payment</u>.  This Note may be prepaid either in whole or in part without pre-payment penalties.

5.      <u>Remedies</u>.  At the election of the Lender, and without notice, the principal balance remaining unpaid under this Note, and all unpaid interest accrued thereon and any other amounts due hereunder, shall be and become immediately due and payable in full upon the occurrence of any Events of Default.  Failure to exercise this option shall not constitute a waiver of the right to exercise same in the event of any subsequent Events of Default.

6.      <u>Venue and Jurisdiction</u>.  **BORROWER AND LENDER HEREBY AGREE THAT ALL ACTIONS OR PROCEEDINGS INITIATED BY BORROWER OR LENDER AND ARISING DIRECTLY OR INDIRECTLY OUT OF THIS INSTRUMENT SHALL BE LITIGATED IN THE CIRCUIT OR SUPERIOR COURT OF MARION COUNTY, INDIANA, OR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.  BORROWER AND LENDER HEREBY EXPRESSLY SUBMIT AND CONSENT IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR PROCEEDING COMMENCED BY BORROWER OR LENDER IN ANY OF SUCH COURTS AND EACH OF THEM HEREBY WAIVE PERSONAL SERVICE OF A SUMMONS AND COMPLAINT, OR OTHER PROCESS OR PAPERS ISSUED THEREIN, AND AGREE THAT SERVICE OF SUCH SUMMONS AND COMPLAINT OR OTHER PROCESS OR PAPERS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO BORROWER OR LENDER AT THE ADDRESS TO WHICH NOTICES ARE TO BE SENT PURSUANT TO THIS INSTRUMENT. BORROWER AND LENDER WAIVE ANY CLAIM THAT MARION COUNTY, INDIANA, OR THE SOUTHERN DISTRICT OF INDIANA AS TO INCONVENIENT FORUM OR IMPROPER FORUM BASED UPON LACK OF VENUE.**

7.      <u>Waiver of Jury Trial</u>**.  BORROWER AND LENDER (BY ACCEPTANCE OF THIS NOTE), HAVING BEEN REPRESENTED BY COUNSEL, EACH KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS (a) UNDER THIS NOTE OR ANY RELATED AGREEMENT OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION WITH THIS NOTE OR (b) ARISING FROM ANY BANKING RELATIONSHIP EXISTING IN CONNECTION WITH THIS NOTE, AND AGREES THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.**

[THE BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Borrower has executed and delivered this Promissory Note the _____ day of _____, 2005.

"BORROWER"

_____

John W. Bartle, Debtor-in-Possession