ENTERED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SEP 2 1 2006

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

IN RE:                               )
                                     )        No. 1:05-CV-564-SEB-VSS
JOHN WILLIAM BARTLE,                 )
                                     )        (formerly Bankr. No. 04-23292)
        Debtor.                      )

### ORDER DIRECTING ENTRY OF RULE 54(b) FINAL JUDGMENT
### ON VALIDITY AND AMOUNT OF CERTAIN TAX LIABILITIES

The debtor, John W. Bartle, having filed a motion pursuant to 11 U.S.C.

§ 505(a) seeking a determination by this Court of the validity and amount of certain

of his tax liabilities as asserted by the United States, and the debtor and the United

States of America having agreed in writing to the validity and amount of some, but

not all, of the federal tax liabilities asserted by the United States, and those

agreements having been submitted to this Court in writing, and the United States

having requested the entry of final judgment on the validity and amount of those

agreed liabilities pursuant to Fed. Rule Civ. Pro. 54(b), and good cause having been

found,

IT IS THEREFORE ORDERED that there is no just reason for delay, within

the meaning of Fed. Rule Civ. Pro. 54(b), and so the Clerk of this Court is directed

to enter final judgment in favor of the United States of America and against John

W. Bartle, as to the validity and amount of certain federal tax liabilities of the

debtor, in the form of the "Rule 54(b) Final Judgment on Validity and Amount of

Certain Tax Liabilities" that is associated herewith, and as follows:

BartleB2\54(b).Order

## Income Taxes

1. Debtor is liable to the United States in the amount of $99,110.14 as of the petition date, plus interest and other statutory accruals after the petition date, for interest based on unpaid federal income taxes for the year 1996, that were assessed on November 17, 1997.

2. Debtor is liable to the United States in the amount of $27,711.60 of tax, $7,928.49 of penalties, and $10,671.52 of interest, as of the petition date, plus interest and other statutory accruals after the petition date, for federal income taxes for the year 1999, that were assessed on November 27, 2000.

3. Debtor is liable to the United States in the amount of $5,220.00 of tax, $1,262.64 of estimated tax penalty, $1,300.56 of failure to pay penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 1999 that were assessed on March 11, 2002.

4. Debtor is liable to the United States in the amount of $10,072.80 of tax, $1,914.72 of penalties, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2000, which were assessed on February 4, 2002.

5. Debtor is liable to the United States in the amount of $63,778.53 of tax, $14,350.17 of delinquency penalty, $7,597.32 of failure to pay penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2002, which were assessed on March 28, 2005.

6. Debtor is liable to the United States in the amount of $113,909.00 of tax,

BartleB2\54(b).Order

$30,071.83 of failure to file penalty, $22,781.80 of accuracy-related penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2002, which have not yet been assessed.

7. Debtor is liable to the United States in the amount of $64,576.85 of tax, $14,529.79 of delinquency penalty, $4,520.38 of failure to pay penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2003, which were assessed on June 13, 2005.

8. Debtor is liable to the United States in the amount of $116,555.00 of income tax, $30,753.21 of failure to file penalty, $23,311.00 of accuracy-related penalty, plus statutory interest and other additions for the year 2003, which have not yet been assessed.

Trust Fund Recovery Penalties

9. Debtor is liable to the United States for a trust fund recovery penalty that was assessed pursuant to 26 U.S.C. § 6672 on September 10, 2001, based on wages that were paid by Rehab Associates, LLC, for the second quarter of 1998, in the amount of $81,969.51, plus interest and other statutory accruals pursuant to law.

10. Debtor is liable to the United States for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 which was assessed on July 18, 2005, based on wages that were paid by Heritage Medical Services, Inc., for the first quarter of 2003, in the amount of $99,132.83, plus interest and other statutory accruals pursuant to law.

11. Debtor is liable to the United States for a trust fund recovery penalty

3

BartleB2\54(b).Order

pursuant to 26 U.S.C. § 6672 in the amount of $593,284.94, which was assessed on May 30, 2006, based on wages that were paid by Inverness Corporation, for the fourth quarter of 1997, and previous quarters of that year.

12. Debtor is liable to the United States for trust fund recovery penalties pursuant to 26 U.S.C. § 6672 which were assessed on May 26, 2006, plus interest and other statutory accruals pursuant to law, based on wages that were paid by Inverness Corporation, in the amounts of $53,473.53 for the first quarter of 1998, $59,145.44 for the third quarter of 1998, $64,588.27 for the fourth quarter of 1998, $375,760.11 for the fourth quarter of 1999, $12,984.99 for the second quarter of 2000, and $62,617.86 for the fourth quarter of 2000.

IT IS FURTHER ORDERED that this Order does not finally resolve the debtor's motion pursuant to 11 U.S.C. § 505 seeking a determination of the validity and amount of each of the United States' claims for pre-petition federal tax liabilities in its entirety. This Order does not resolve the issue of the amount and validity of the following pre-petition federal tax claims of the United States:

(a) for income tax, penalties, statutory interest and other additions for the year 2000, which have not yet been assessed;

(b) for income tax, penalties, statutory interest and other additions for the year 2001, which have not yet been assessed;

(c) for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 which has not yet been assessed, based on wages that were paid by Rehab Associates, LLC, during 1998, plus interest and other statutory accruals;

4                          BartleB2\54(b).Order

(d) for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 which has not yet been assessed, based on wages that were paid by AmeriCare Living Centers, LLC, during 2000, plus interest and other statutory accruals;

(e) for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 which has not yet been assessed, based on wages that were paid by Delmar Limited Partnership during 1996, 1997, and 1998, plus interest and other statutory accruals; and

(f) for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 which has not yet been assessed, based on wages that were paid by Heritage Medical Services, Inc., during 2004, plus interest and other statutory accruals.

_Sarah Evans Barker_ 9/21/06

HON. SARAH E. BARKER
U.S. District Judge
Southern District of Indiana

5                                    BartleB2\54(b).Order

Distribution:

KEVIN DEMPSEY
Office of U.S. Trustee
101 West Ohio Street
Suite 101
Indianapolis, Indiana 46204

JOHN W. GRAUB II
Hostetler & Kowalik
101 West Ohio Street
Indianapolis, Indiana 46204

DOUGLAS W. SNOEYENBOS
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

JEFFREY L. HUNTER
Assistant U.S. Attorney
Ten West Market Street
21st Floor
Indianapolis, Indiana 46204

BartleB2\54(b).Order