ENTERED<br>SEP 2 1 2006<br>U.S. CLERK'S OFFICE<br>INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 1:05-CV-564-SEB-VSS |
| JOHN WILLIAM BARTLE, ) | |
| ) | (formerly Bankr. No. 04-23292) |
| Debtor. ) | |

## RULE 54(b) FINAL JUDGMENT
## ON VALIDITY AND AMOUNT OF CERTAIN TAX LIABILITIES

The debtor, John W. Bartle, having filed a motion for determination of the validity and amount of certain of his tax liabilities asserted by the United States, pursuant to 11 U.S.C. § 505(a), and the debtor and the United States of America having agreed to the validity and amount of some, but not all, of the federal tax liabilities asserted by the United States, and those agreements having been submitted to this Court in writing, and the United States having requested the entry of final judgment on those agreed liabilities pursuant to Fed. Rule Civ. Pro. 54(b), and this Court having found that there is no just reason for delay and having directed the entry of a final judgment on those agreed liabilities within the meaning of Fed. Rule Civ. Pro. 54(b), final judgment pursuant to Rule 54(b) is entered in favor of the United States of America and against John W. Bartle, as to the validity and amount of certain federal tax liabilities of Mr. Bartle under 11 U.S.C. § 505, as follows:

Income Taxes

1. Debtor is liable to the United States in the amount of $99,110.14 as of the

petition date, plus interest and other statutory accruals after the petition date, for interest based on unpaid federal income taxes for the year 1996, that were assessed on November 17, 1997.

2. Debtor is liable to the United States in the amount of $27,711.60 of tax, $7,928.49 of penalties, and $10,671.52 of interest, as of the petition date, plus interest and other statutory accruals after the petition date, for federal income taxes for the year 1999, that were assessed on November 27, 2000.

3. Debtor is liable to the United States in the amount of $5,220.00 of tax, $1,262.64 of estimated tax penalty, $1,300.56 of failure to pay penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 1999 that were assessed on March 11, 2002.

4. Debtor is liable to the United States in the amount of $10,072.80 of tax, $1,914.72 of penalties, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2000, which were assessed on February 4, 2002.

5. Debtor is liable to the United States in the amount of $63,778.53 of tax, $14,350.17 of delinquency penalty, $7,597.32 of failure to pay penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2002, which were assessed on March 28, 2005.

6. Debtor is liable to the United States in the amount of $113,909.00 of tax, $30,071.83 of failure to file penalty, $22,781.80 of accuracy-related penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for

the year 2002, which have not yet been assessed.

7. Debtor is liable to the United States in the amount of $64,576.85 of tax, $14,529.79 of delinquency penalty, $4,520.38 of failure to pay penalty, and interest and other statutory accruals pursuant to law, for federal income taxes for the year 2003, which were assessed on June 13, 2005.

8. Debtor is liable to the United States in the amount of $116,555.00 of income tax, $30,753.21 of failure to file penalty, $23,311.00 of accuracy-related penalty, plus statutory interest and other additions for the year 2003, which have not yet been assessed.

Trust Fund Recovery Penalties

9. Debtor is liable to the United States for a trust fund recovery penalty that was assessed pursuant to 26 U.S.C. § 6672 on September 10, 2001, based on wages that were paid by Rehab Associates, LLC, for the second quarter of 1998, in the amount of $81,969.51, plus interest and other statutory accruals pursuant to law.

10. Debtor is liable to the United States for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 which was assessed on July 18, 2005, based on wages that were paid by Heritage Medical Services, Inc., for the first quarter of 2003, in the amount of $99,132.83, plus interest and other statutory accruals pursuant to law.

11. Debtor is liable to the United States for a trust fund recovery penalty pursuant to 26 U.S.C. § 6672 in the amount of $593,284.94, which was assessed on May 30, 2006, based on wages that were paid by Inverness Corporation, for the

fourth quarter of 1997, and previous quarters of that year.

12. Debtor is liable to the United States for trust fund recovery penalties pursuant to 26 U.S.C. § 6672 which were assessed on May 26, 2006, plus interest and other statutory accruals pursuant to law, based on wages that were paid by Inverness Corporation, in the amounts of $53,473.53 for the first quarter of 1998, $59,145.44 for the third quarter of 1998, $64,588.27 for the fourth quarter of 1998, $375,760.11 for the fourth quarter of 1999, $12,984.99 for the second quarter of 2000, and $62,617.86 for the fourth quarter of 2000.

_____  9/21/06
*Sarah Evans Barker, Judge*
~~LAURA A. BRIGGS~~
~~Clerk,~~ U.S. District Court
Southern District of Indiana

Distribution:

KEVIN DEMPSEY
Office of U.S. Trustee
101 West Ohio Street
Suite 101
Indianapolis, Indiana 46204

JOHN W. GRAUB II
Hostetler & Kowalik
101 West Ohio Street
Indianapolis, Indiana 46204

DOUGLAS W. SNOEYENBOS
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

JEFFREY L. HUNTER
Assistant U.S. Attorney
Ten West Market Street
21st Floor
Indianapolis, Indiana 46204